**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOEL EDWARD DURMER, | : | |
| | : | Civil Action No. 05-0062 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GRACE ROGERS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    JOEL EDWARD DURMER, Petitioner Pro Se
    # 299819/SBI# 1074
    Adult Diagnostic & Treatment Center
    8 Production Way
    Avenel, New Jersey 07001

    ROBERTA DIBIASE, ESQ.
    Ocean County Prosecutor's Office
    119 Hooper Avenue
    Toms River, New Jersey 08753
    Counsel for Respondents

**PISANO**, District Judge

    This matter is before the Court on Petitioner Joel Edward Durmer's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.  BACKGROUND

A.  Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation, as set forth in its April 5, 2000 per curiam Opinion on petitioner's direct appeal from his conviction:

> Tried to a jury, defendant was convicted of three counts of first-degree aggravated sexual assault (N.J.S.A. 2C:14-2a); one count of second-degree sexual assault (N.J.S.A. 2C:14-2b); and one count of second-degree child endangerment. (N.J.S.A. 2C:24-4a).  At sentencing, the trial court merged the second-degree sexual assault conviction; it imposed three concurrent twenty-year terms with ten-year parole disqualifiers, for the first-degree convictions and sentenced defendant to a consecutive ten-year term, with a five-year parole disqualifier, for the endangerment conviction.  Defendant has appealed his convictions and his sentence; after carefully reviewing the entire record, we affirm.
>
> Defendant's victim was his nephew, C.B., who was born in New Jersey in December 1982.[1]  With his parents, together with his older brother and sister, he moved to Maine when he was approximately four years of age.  When his parents separated, C.B. returned to New Jersey with his father and his brother and the three lived with defendant and his family for a period of time.  Defendant's wife is the sister of C.B.'s father.  There was conflicting testimony at trial about the date when the B.'s returned to New Jersey.  The State offered testimony showing they returned in 1989; defendant's wife and other witnesses testified that the B.'s did not arrive until 1990.

---

[1] C.B. was fifteen years old when he testified at petitioner's trial in 1997.

>  The B.'s stayed with defendant's family for several months. They then moved to another home nearby and still later to another. The two boys returned to Maine each summer for brief stays with their mother; C.B. returned to Maine permanently in 1994, when he was approximately twelve years old. After he returned to Maine, he told people that defendant had sexually assaulted him. He was examined by a physician, who testified that the results of his examination disclosed abnormalities in C.B.'s anorectal area that were consistent with repeated penetration.
>
>  At trial, C.B. testified that defendant sexually assaulted him "hundreds" of times during the years he lived in New Jersey. He said the assaults were oral and digital and included anal intercourse. According to the chronology provided by C.B., he would have been approximately six years of age when the assaults commenced.

B.  Procedural History

Petitioner, Joel Edward Durmer ("Durmer"), was indicted by an Ocean County Grand Jury in 1995 on three counts of first-degree aggravated sexual assault, one count of second-degree sexual assault, and one count of child endangerment. Trial commenced on July 29, 1997, but a mistrial was granted on July 30, 1997. The matter was re-tried on December 9, 1997 and concluded December 16, 1997 with a jury verdict of guilty on all counts. Durmer was sentenced on March 27, 1998 to an aggregated term of 30 years in prison with a 15-year parole disqualifier.

Durmer filed a direct appeal from his conviction and sentence to the New Jersey Appellate Division, and both the conviction and sentence were affirmed in an Opinion filed on April 5, 2000. The New Jersey Supreme Court denied certification on March 8, 2001. State v. Durmer, 167 N.J. 633 (2001). The

United States Supreme Court denied Durmer's petition for a writ of certiorari on October 1, 2001.  Durmer v. New Jersey, 534 U.S. 858 (2001).

Thereafter, on or about July 1, 2002, Durmer filed a petition for post-conviction relief ("PCR") in state court.  The Honorable James N. Citta, J.S.C. denied the PCR petition by Order filed on September 19, 2002.[2]  Durmer appealed from that decision, and the New Jersey Appellate Division affirmed in an Opinion filed on February 26, 2004.  The New Jersey Supreme Court denied certification on May 6, 2004.  State v. Durmer, 180 N.J. 355 (2004).

Durmer submitted his federal habeas petition under 28 U.S.C. § 2254 on December 14, 2004.[3]  Respondents answered the petition

---

[2]  A hearing was conducted on September 13, 2002.

[3]  Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine from the face of the petition the exact date that Durmer handed his petition to prison officials for mailing, Durmer signed the petition on December 14, 2004.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that December 14, 2004, rather than January 6, 2005 (the date the petition was received in the Clerk's office), was the date this petition was filed for purposes of calculating the timeliness of the petition.

on February 17, 2006.[4]  Durmer filed a rebuttal brief on March 15, 2006.

## II.   STATEMENT OF CLAIMS

In his habeas petition, Durmer raises several claims of ineffective assistance of trial counsel, prosecutorial misconduct, judicial bias, and official misconduct.  He also claims actual innocence and contends that he was not permitted to present included hearsay evidence at trial regarding third party liability, namely, that the victim's father was the perpetrator of the crimes for which petitioner was convicted.[5]

The State answered the petition asserting several affirmative defenses.  First, the State contends that the action

---

[4] Petitioner has filed several motions and has attempted to supplement his petition in this matter in reply to the State's answer.  In particular, Durmer filed a motion for appointment of counsel, which this Court denied by Opinion and Order dated November 7, 2005.  (Docket Entry Nos. 10, 12, & 13).  On January 17, 2006, Durmer submitted supplemental documentation.  (Docket Entry No. 19).  He also filed a motion to retrieve a brief he filed in state court.  (Docket Entry No. 20).  On February 7, 2006, Durmer moved to have default entered against the State. (Docket Entry No. 21).  On March 15, 2006, Durmer filed a rebuttal brief to the State's answer, which expanded on the claims raised in the petition.  (Docket Entry No. 24).  Finally, on July 6, 2006, the Court received Durmer's request for discovery and document inspection.  (Docket Entry No. 27). Because this Court has determined that Durmer's § 2254 habeas petition is time-barred, all of his motions and other applications are denied as moot.

[5] All of the claims asserted by petitioner appear to have been raised and fully presented on state court review.

is time-barred.[6]  Second, the State asserts that Durmer does not demonstrate a violation of federal constitutional dimension, and fails to raise federal issues cognizable in a § 2254 proceeding. The State also contends that petitioner's claims, in particular, the ineffective assistance of counsel claims, are without substantive merit.

### III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

---

[6] The State generally claims that the petition is time-barred. However, under the Supreme Court's ruling in Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions. Here, Durmer was on notice of the State's affirmative defense that the petition is time-barred. Durmer has not rebutted this defense.

>   (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[7] during the period between

---

[7] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[8] However, the one-year limitations period in § 2244(d)(1) can only be equitably

---

[8] Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

9

tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily

tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Durmer's judgment of conviction became final on October 1, 2001, when the United States Supreme Court denied Durmer's petition for a writ of certiorari. This was well after April 24, 1996, the effective date of AEDPA. Therefore, Durmer had one year from October 1, 2001, or until October 1, 2002, to bring his federal habeas petition under § 2254.

The Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before October 1, 2002, when Durmer filed his state PCR application on or about July 1, 2002. The state PCR petition remained pending in state court until May 6, 2004, when the New Jersey Supreme Court denied certification from petitioner's appeal from the trial court's denial of post-conviction relief in September 2002. Thus, Durmer's limitation period began to run from October 1, 2001 until July 1, 2002 (for exactly 272 days) when Durmer filed his state PCR petition, which started to toll the limitations period under § 2244(d)(2). The limitations period did not begin to run again until May 6, 2004, when the New Jersey Supreme Court denied

11

certification on the appeal from denial of Durmer's state PCR petition. Durmer had only 93 days (*i.e.,* one year or 365 days minus the 272 days which had already run) from May 6, 2004, or until August 7, 2004, to file his federal § 2254 petition. See Stokes, 247 F.3d at 542 (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244 (d)(2)"). Durmer did not file his § 2254 habeas petition until December 14, 2004, more than four months after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in

which to timely file his federal habeas petition.  Johnson, 314 F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run.  Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)).  Consequently, Durmer's federal habeas petition is time-barred.

Moreover, Durmer offers no excuses, extraordinary or otherwise, for equitable tolling.  Rather, it would appear that Durmer mistakenly believed that his one-year limitations period did not begin to run until after he exhausted his state remedies, including the PCR application, and thus, his conviction became final on May 6, 2004, when the New Jersey Supreme Court denied certification with respect to the PCR petition.  At best, Durmer miscalculated the statutory period when he failed to count the time his limitations period began to run after his conviction became final on October 1, 2001 and before he filed his state PCR petition on July 1, 2002, which served to toll the limitations period under 28 U.S.C. § 2244(d)(2).  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, even if Durmer was ignorant of the fact that the limitations period began to run on October 1, 2001 when his conviction became

13

final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60. Accordingly, Durmer does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.[9]

    Therefore, because Durmer failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254. Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

---

[9] Durmer's claim of actual innocence is unpersuasive. The theory of third party liability was raised at trial and on state court review. This Court's review of the state court record provided reveals that there was more than sufficient evidence at trial, namely the unequivocal testimony of the victim that Durmer was sexually molested him "hundreds" of times. The state appellate court also found no trial error in the trial court's determination that there was insufficient foundation and no sound evidential basis to admit included hearsay in reports not corroborated by the victim or his guardian ad litem. Thus, at best, Durmer can only show that someone else also may have molested the young victim, not that petitioner is actually innocent. Moreover, it is plain from the record that Durmer was not procedurally barred from raising these claims on state court review. His claims of ineffective assistance of counsel, prosecutorial misconduct, and judicial bias were fully adjudicated on the merits.

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.  All pending motions and petitioner's applications for discovery will be dismissed as moot.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


_____                           \_\_\_\_/s/Joel A. Pisano\_\_\_\_\_
                                         JOEL A. PISANO
                                         United States District Judge