**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOEL EDWARD DURMER,                  :
                                     :      Civil Action No. 05-62 (JAP)
              Petitioner,            :
                                     :
         v.                          :      **OPINION**
                                     :
GRACE ROGERS, et al.,                :
                                     :
              Respondents.           :

**APPEARANCES:**

     JOEL EDWARD DURMER, Petitioner <u>Pro</u> <u>Se</u>
     # 299819/SB1# 1074
     Adult Diagnostic & Treatment Center
     8 Production Way
     Avenel, New Jersey 07001

     ROBERTA DIBIASE, ESQ.
     Ocean County Prosecutor's Office
     119 Hooper Avenue
     Toms River, New Jersey 08753
     Counsel for Respondents

**PISANO**, District Judge

     This matter comes before the Court upon <u>pro</u> <u>se</u> petitioner's,

Joel Edward Durmer ("Durmer") motion for reconsideration of this

Court's July 18, 2006 Opinion and Order denying Durmer's petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  Durmer filed

his motion for reconsideration on or about August 15, 2006.

(Docket Entry No. 15).  This action was closed on July 18, 2006

pursuant to the July 18, 2006 Order.

Dockets.Justia.com

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is granted.

## I.  BACKGROUND

On or about December 14, 2004, Durmer submitted to this Court for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, Durmer raised several challenges[1] to his 1998 state court conviction and sentence on sexual assault charges. After reviewing the petition, answer, and state court record, this Court found that the petition was time-barred under 28 U.S.C. § 2244(d), and dismissed the petition accordingly. (See the July 18, 2006 Opinion and Order, Docket Entry Nos. 28 & 29). In particular, the Court's ruling was based on a factual determination that Durmer filed his state PCR petition on or about July 1, 2002, and thus, tolling of the one-year limitation period under 28 U.S.C. § 2244(d)(2) did not start until July 1, 2002.

On August 19, 2006, Durmer filed a motion for reconsideration. In his motion, Durmer claims that he had filed his state PCR petition one year earlier than the Court had stated

---

[1] Durmer asserted ineffective assistance of counsel, trial court bias, and prosecutorial misconduct claims in his petition.

in its Opinion, or on July 1, 2001.  Consequently, the one-year
limitations period was tolled from July 1, 2001 (before his
judgment of conviction became final) until May 6, 2004.  Durmer
filed his § 2254 habeas petition on December 14, 2004, seven
months after the one-year limitations period began to run, well
within the one-year statutory limitation.  Durmer now asks the
Court to reconsider its July 18, 2006 Opinion and Order
dismissing this matter as time-barred, and re-open the case for
consideration of his habeas petition on the merits.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in
the Federal Rules of Civil Procedure.  United States v.
Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).
Generally, a motion for reconsideration is treated as a motion to
alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion
for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.
In the District of New Jersey, Local Civil Rule 7.1(g) governs
motions for reconsideration.  Bowers v. Nat'l. Collegiate
Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek
reconsideration by the Court of matters "which [it] believes the
Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(g); see NL Industries, Inc. v. Commercial Union Insurance,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument

3

is high and reconsideration is to be granted only sparingly.  See
United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The
movant has the burden of demonstrating either: "(1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court [issued its
order]; or (3) the need to correct a clear error of law or fact
or to prevent manifest injustice." Max's Seafood Café v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins.
Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration only where its
prior decision has overlooked a factual or legal issue that may
alter the disposition of the matter.  Compaction Sys. Corp., 88
F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word
'overlooked' is the operative term in the Rule." Bowers, 130 F.
Supp.2d at 612 (citation omitted); see also Compaction Sys.
Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only
those matters of fact or issues of law which were presented to,
but not considered by, the court in the course of making the
decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876,
878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,
reconsideration is not to be used as a means of expanding the
record to include matters not originally before the court.
Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel

and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);
Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279
(D.N.J. 1988).  Absent unusual circumstances, a court should
reject new evidence which was not presented when the court made
the contested decision.  See Resorts Int'l, 830 F. Supp. at 831
n.3.  A party seeking to introduce new evidence on
reconsideration bears the burden of first demonstrating that
evidence was unavailable or unknown at the time of the original
hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298,
1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate
arguments which the court has already considered.  See G-69 v.
Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference
of opinion with the court's decision should be dealt with through
the normal appellate process.  Bowers, 130 F. Supp.2d at 612
(citations omitted); Florham Park Chevron, Inc. v. Chevron
U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also
Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318
(D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,
935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...
may not be used to re-litigate old matters, or to raise arguments
or present evidence that could have been raised prior to the
entry of judgment.").  In other words, "[a] motion for
reconsideration should not provide the parties with an

opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Durmer contends that the Court made a clear error in fact with respect to the time Durmer filed his state PCR petition. Durmer provides sufficient documentary proof that he did file his state PCR petition on July 1, 2001, instead of July 1, 2002 as initially stated in the record. The Court finds that this factual error would alter the Court's decision in dismissing the habeas petition as time-barred. Therefore, the Court will grant Durmer's motion for reconsideration, and will review the claims raised in Durmer's petition, and the State's answer to the petition and the state court record, on the merits. This review will be conducted based on all written submissions previously filed. No further amendments or objections will be entertained by the Court with respect to its review of the petition on the merits.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Durmer's motion for reconsideration, and the motion will be granted. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 26, 2006