**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOEL EDWARD DURMER, | : | |
| | : | Civil Action No. 05-62 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GRACE ROGERS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> JOEL EDWARD DURMER, Petitioner Pro Se
> # 299819/SB1# 1074
> Adult Diagnostic & Treatment Center
> 8 Production Way
> Avenel, New Jersey 07001
>
> ROBERTA DIBIASE, ESQ.
> Ocean County Prosecutor's Office
> 119 Hooper Avenue
> Toms River, New Jersey 08753
> Counsel for Respondents

**PISANO**, District Judge

This matter comes before the Court upon pro se petitioner's, Joel Edward Durmer ("Durmer") motion for reconsideration of this Court's July 18, 2006 Opinion and Order denying Durmer's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Durmer filed his motion for reconsideration on or about August 15, 2006. (Docket Entry No. 15). This action was closed on July 18, 2006 pursuant to the July 18, 2006 Order.

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is granted.

## I. BACKGROUND

On or about December 14, 2004, Durmer submitted to this Court for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, Durmer raised several challenges[1] to his 1998 state court conviction and sentence on sexual assault charges. After reviewing the petition, answer, and state court record, this Court found that the petition was time-barred under 28 U.S.C. § 2244(d), and dismissed the petition accordingly. (See the July 18, 2006 Opinion and Order, Docket Entry Nos. 28 & 29). In particular, the Court's ruling was based on a factual determination that Durmer filed his state PCR petition on or about July 1, 2002, and thus, tolling of the one-year limitation period under 28 U.S.C. § 2244(d)(2) did not start until July 1, 2002.

On August 19, 2006, Durmer filed a motion for reconsideration. In his motion, Durmer claims that he had filed his state PCR petition one year earlier than the Court had stated

---

[1] Durmer asserted ineffective assistance of counsel, trial court bias, and prosecutorial misconduct claims in his petition.

in its Opinion, or on July 1, 2001. Consequently, the one-year limitations period was tolled from July 1, 2001 (before his judgment of conviction became final) until May 6, 2004. Durmer filed his § 2254 habeas petition on December 14, 2004, seven months after the one-year limitations period began to run, well within the one-year statutory limitation. Durmer now asks the Court to reconsider its July 18, 2006 Opinion and Order dismissing this matter as time-barred, and re-open the case for consideration of his habeas petition on the merits.

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument

is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel

4

and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an

opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Durmer contends that the Court made a clear error in fact with respect to the time Durmer filed his state PCR petition. Durmer provides sufficient documentary proof that he did file his state PCR petition on July 1, 2001, instead of July 1, 2002 as initially stated in the record. The Court finds that this factual error would alter the Court's decision in dismissing the habeas petition as time-barred. Therefore, the Court will grant Durmer's motion for reconsideration, and will review the claims raised in Durmer's petition, and the State's answer to the petition and the state court record, on the merits. This review will be conducted based on all written submissions previously filed. No further amendments or objections will be entertained by the Court with respect to its review of the petition on the merits.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Durmer's motion for reconsideration, and the motion will be granted. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 26, 2006